UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| KRISTIE FERRISS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. ) |
| HOMESERVE USA CORP., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff files this Complaint against Defendant for violations of the Family and Medical Leave Act of 1993, as amended (FMLA), and alleges the following:

### Jurisdiction and Parties

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Connecticut corporation that does business in Tennessee and has an office in Chattanooga. Its registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee, 37919.

### Facts

3. Defendant sells home service warranties to customers throughout the United States.

4. Plaintiff was employed by Defendant as a cost authorization agent at Defendant's office in Chattanooga from approximately September of 2018 until January 2, 2024.

5. Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2023 and in 2024.

6. Defendant employed more than 50 employees within a 75-mile radius of Plaintiff's worksite.

7. Plaintiff had well over 1,250 hours of service with Defendant during the 12-month period before she requested FMLA leave as set forth below.

8. Plaintiff suffers from a neurological condition that causes severe migraine headaches and which constitutes a serious medical condition.

9. In July of 2023, Plaintiff was approved by Defendant for intermittent FMLA due to her medical condition. The intermittent leave, as prescribed by Plaintiff's doctor, provided for Plaintiff to take a certain number of days off from work each month.

10. Thereafter, Plaintiff took certain days off from work as needed and in accordance with her approved FMLA intermittent leave.

11. On January 2, 2024, while Plaintiff was on intermittent leave and after she missed a day of work in accordance with that approved leave, Defendant terminated Plaintiff's employment.

12. Defendant terminated Plaintiff's employment due to her absences from work, which were in accordance with her approved FMLA intermittent leave.

13. Defendant failed to follow its own policies and procedures in terminating Plaintiff's employment.

14. Defendant terminated Plaintiff's employment in order to prevent her from continuing to exercise her FMLA rights by taking intermittent FMLA leave.

15. Defendant terminated Plaintiff's employment in retaliation for Plaintiff obtaining and utilizing intermittent FMLA leave.

16. If Defendant had not terminated Plaintiff's employment, she would have continued to work in her employment position with Defendant.

17. Plaintiff has sustained and continues to sustain lost wages and lost benefits as a result of Defendant's termination of her employment.

### Defendant's Violations of the FMLA

A. **FMLA Coverage and Eligibility**

18. Defendant was a covered employer of Plaintiff as defined by 29 U.S.C. § 2611(4)(A) (i) and (ii) and 29 CFR 825.104(a) and (d).

19. Pursuant to 29 U.S.C. § 2611(2), Plaintiff was an eligible employee under the FMLA.

20. Plaintiff had a serious medical condition as defined by 29 U.S.C. § 2611(11).

21. Pursuant to 29 U.S.C. § 2612(a)(1)(C) and (D), Plaintiff was entitled to intermittent FMLA leave of up to a limit of 12 weeks a year for her serious medical condition.

B. **Count 1—Interference with Plaintiff's Exercise of FMLA Rights**

22. Plaintiff was entitled to intermittent FMLA leave due to her serious medical condition.

23. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

24. By terminating Plaintiff's employment, Defendant unlawfully interfered with, restrained, and/or denied the exercise of or the attempt to exercise Plaintiff's FMLA rights, in violation of 29 U.S.C. § 2615(a)(1).

25. As a result of Plaintiff's violation of 29 U.S.C. § 2615(a)(1), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

C. **Count 2—Retaliation in Response to Plaintiff's Exercise of FMLA Rights**

26. By obtaining FMLA leave for her serious medical condition, Plaintiff engaged in protected activity under the FMLA.

27. Defendant terminated Plaintiff's employment in retaliation for her requesting and obtaining FMLA leave for her serious medical condition.

28. By terminating Plaintiff's employment, Defendant unlawfully discharged Plaintiff in violation of 29 U.S.C. § 2615(a)(2).

29. As a result of Defendant's violation of 29 U.S.C. § 2615(a)(2), Plaintiff has sustained and continues to sustain lost wages and lost benefits.

D. **Plaintiff's Entitlement to Recover Damages Under the FMLA**

30. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(i), Plaintiff is entitled to recover lost wages and lost employment benefits.

31. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), Plaintiff is entitled to recover interest.

32. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff is entitled to recover liquidated damages.

33. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover attorney's fees, expert fees, and costs.

## Prayer for Relief

WHEREFORE, Plaintiff prays for a judgment against Defendant for damages that include the following:

(a) back pay;

(b) front pay;

(c) loss of benefits;

(d) interest;

(e) liquidated damages;

(f) expert fees;

(g) attorneys' fees and costs; and

(h) all further legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr., (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown, GA Bar (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff